IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND



2019 JUN -5 P 2: 38

Monique Harris

**Complaint for Employment**
**Discrimination**

Case No. CBD 19 CV 1668

*(to be filled in by the Clerk's Office)*

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

Jury Trial:     ☒ Yes     ☐ No
                *(check one)*

**-against-**

Nawood School

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Monique Harris |
| Street Address | 3506 Timber Green drive |
| City and County | Urbana , Frederick county |
| State and Zip Code | Maryland , 21704 |
| Telephone Number | 240 706 0610 |
| E-mail Address | monique649 @ gmail.com |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Norwood School |
| Job or Title (if known) | — |
| Street Address | 8821 River Road |
| City and County | Bethesda , Montgomery County |
| State and Zip Code | Maryland 20817 |
| Telephone Number | 301 364 5704 |
| E-mail Address (if known) | |

Defendant No. 2

Name     William "Bill" Teachum

Job or Title     Business Manager
(if known)

Street Address     8621 River Road

City and County     Bethesda, Montgomery County

State and Zip Code     Maryland 20817

Telephone Number     301 365 5704

E-mail Address     Bteachum @ norwoodschool.org
(if known)

Defendant No. 3

Name     Matthew Gould

Job or Title     Head of school
(if known)

Street Address     8621 river road

City and County     Bethesda, Montgomery county

State and Zip Code     maryland 20817

Telephone Number     301 365 5704

E-mail Address     mgould@ norwood school.org
(if known)

*(If there are more than three defendants, attach an additional page providing the same information for each additional defendant.)*

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is:

Name     Norwood School

Street Address     8621 river road

City and County     Bethesda Bethesda, Montgomery county

State and Zip Code     maryland, 20817

Telephone Number

3

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☒    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

_____

☐    Relevant state law *(specify, if known)*:

_____

☐    Relevant city or county law *(specify, if known)*:

_____

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

      ☐  Failure to hire me.

      ☐  Termination of my employment.

      ☐  Failure to promote me.

      ☐  Failure to accommodate my disability.

      ☐  Unequal terms and conditions of my employment.

      ☐  Retaliation.

      ☐  Other acts *(specify)*: _____

      *(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)

_____

C.  I believe that defendant(s) *(check one)*:

      ☐  is/are still committing these acts against me.

      ☐  is/are not still committing these acts against me.

D.  Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

      ☒  race _African American_

      ☒  color _Black_

      ☐  gender/sex _____

      ☐  religion _____

      ☐  national origin _____

      ☐  age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*

      ☐  disability or perceived disability *(specify disability)*

      _____

E.    The facts of my case are as follows.  Attach additional pages if needed.

_See attachment_

_____

_____

_____

_____

_____

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_August 4th_

B.    The Equal Employment Opportunity Commission *(check one)*:

☑    has not issued a Notice of Right to Sue letter.

☐    issued a Notice of Right to Sue letter, which I received on *(date)*

_____.

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

**V.**    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to
order.  Do not make legal arguments.  Include any basis for claiming that the wrongs
alleged are continuing at the present time.  Include the amounts of any actual damages
claimed for the acts alleged and the basis for these amounts.  Include any punitive or
exemplary damages claimed, the amounts, and the reasons you claim you are entitled to
actual or punitive money damages.

See attached

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 6\5 , 2019.

Signature of Plaintiff _____ *Mtvery*_____

Printed Name of Plaintiff _____ Monique Harris _____

*(If more than one plaintiff is named in the complaint, attach an additional certification and signature page for each additional plaintiff.)*

### B.   For Attorneys

Date of signing: _____, 20__.

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Address _____

Telephone Number _____

E-mail Address _____

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MARYLAND**

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 JUN -5 P 2: 39

Monique A. Harris

        Plaintiffs,

v.

Norwood School

        Defendants.

DOCKET NO.:

    **CBD 19 CV 1668**

**CIVIL ACTION**

CLERK'S OFFICE
AT GREENBELT

**COMPLAINT FOR VIOLATIONS OF:**

    **(1) TITLE VII OF THE CIVIL RIGHTS ACT OF 1964;**
    **(2) MARYLAND HUMAN RELATIONS LAW AGAINST DISCRIMINATION;**
    **(3) MONTGOMERY COUNTY HUMAN RELATIONS LAW AGAINST DISCRIMINATION;**

**[JURY TRIAL DEMANDED]**

**NATURE OF ACTION**

1.    This is an action for relief from employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), Maryland Human Relations Law,  MD Code, Art. 49B, §§ 1et seq. And Montgomery County Human Relations Act, (Montgomery Co. Code §§ 27-1 et seq.

2.    Plaintiff was subjected to disparate treatment based on race (African-American/Black) when employer hired an employee (Caucasian) to perform the same and/or similar duties of her position as indicated in her position description. Defendant offered this employee approximately $18,000.00 more in salary than it offered plaintiff when she was hired to perform the same and/or similar duties.

3.    The plaintiff is representing herself (pro se) in this proceeding.



## JURISDICTION AND VENUE

4.     This Court has jurisdiction of Plaintiffs' federal law claims pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law.

5.     This case is brought for discrimination in employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified 42 U.S.C. § 2000e et seq, Maryland Law Against Discrimination Pursuant to State Government Article, §20-602, Annotated Code of Maryland, and Montgomery County Law against Discrimination.

6.     The defendant, Norwood School employs 100 or more employees at the relevant time in this matter.

7.     The unlawful employment practices alleged below were committed and/or executed by Administrative personnel of Norwood School, which is located in Bethesda, Maryland. Accordingly, venue lies in the United States District Court of Maryland.

## PARTIES

8.     The Plaintiff, Monique Harris, hereinafter ("Plaintiff" or "Ms. Harris") is an African American employee of Norwood School at all times relevant to this matter.

9.     The Defendant, Norwood School, is located in Bethesda, Maryland.

10.    The Norwood School employs 100+ employees

11.    The Defendant Matthew Gould, hereinafter ( "Mr. Gould" or "Gould") currently holds the position of Head of School at Norwood School

12.    The Defendant William "Bill" Teachum, hereinafter ("Mr. Teachum or "Teachum") currently holds the position of Business Manager at Norwood School.

## FACTUAL ALLEGATIONS

### I.     Background

13.    Plaintiff, Monique Harris began working part-time for Norwood School in July 2012 for a two person Human Resources office as a Human Resources Payroll Assistant making $24 per hour. She was directly supervised by the Director of Human Resources, Mary Claire

Monique Harris, 3506 Timber Green Drive, 240-706-0610, monique649@gmail.com          2



Steinbraker (white) who respectfully made $90,000 annually. Ms. Steinbraker was the Director of Human Resources until her retirement in the summer 2015.

14.     Upon Ms. Steinbraker's retirement, Ms. Harris began working fulltime in July 2015 and her position was converted to Human Resources Coordinator/ Payroll and Benefits Manager at a salary of $62,000 annually. Ms. Harris's roles and responsibilities included functions related to Human Resources, Payroll and Benefits.

15.     On January 3, 2017 Ms. Harris met with Mr. Gould and Mr.Teachum. During this meeting Mr. Gould and Mr. Teachum were informed of Mr. Harris's internship offer. At the time, Ms. Harris informed Mr. Gould and Mr.Teachum of her willingness to continue working in Human Resources, motivation to continue to grow within the Norwood school and availability to continue performing her duties all while interning. In fact, Ms. Harris worked from home as the Human Resources Coordinator for approximately 6 months in 2016 while on maternity leave. It was concluded by Mr. Teachum the intention to hire additional support staff part-time. Ms. Harris was led to believe that the job position that was intended to be fill was intended to be part-time and duties would be shared or split between Ms. Harris and the new hire.

16.     On or about March 9th 2017, Mr. Teachum requested for Harris to post the position of Human Resources Manager. At which time Ms. Harris noted that the description mirrored all of the functions performed by Ms. Harris. The only apparent difference was the title change from Human Resources Coordinator/ Payroll and Benefits Manager to Human Resources Manager.

17.     On or about March 10th 2017 the position for Human Resources Manager was posted.

18.     On March 24th 2017, Ms. Harris sent an email to Mr. Gould and Mr. Teachum. Ms. Harris requested a meeting to discuss "Goals for HR, Job Description, and Classification status".

19.     On or about April 6th 2017, Ms. Harris shared her concerns with Mr. Gould and

Mr. Teachum about the advertising of her job despite her not tendering her resignation or informing them of her desire to vacate the position.

## II.    Disparate Treatment Based On Race

20.    On or about April 25th 2017, new employee Ms. Karen Anillo (White) was hired as the Human Resources Manager. Ms. Anillo was hired to perform the exact duties as those performed by Ms. Harris, but was compensated at rate approximately 30% more than Ms. Harris.

21.    Prior to onboarding with Norwood School, Anillo requested to "interview" with Ms. Harris. During said meeting between Ms. Anillo and Ms. Harris, Ms. Anillo indicated that she had recently been returning to the workforce after being a stay-at-home mom for 10+ years with minimal Human Resources experience.

22.    The defendant presented to the commission of the EEOC a Human Resources Coordinator/ Payroll and Benefits Manager a job description that did not accurately reflect the duties performed by the incumbent Ms. Harris. The explanation that the plaintiff's position was a different position than that which was posted was a pretext to mask the actual discrimination in this matter.

23.    When you review the plaintiff's resume and that of Ms. Anillo's, you can see that the plaintiff possesses greater work experience for the position. The experience that Ms. Anillo shows as "volunteer" does not count towards the experience that was being sought for this position.

24.    On or about March 9th 2017, Ms. Harris inquired from Mr. Teachum the education and experienced required for the position. Mr. Teachum informed Ms. Harris that minimum requirement is 3 years. As can be seen on Ms. Anillo's resume, Ms. Anillo possess less then 2.5 years of professional experience in Human Resources.

## COUNT ONE:UNFAIR PAY, DISPARATE TREATMENT

### (Racial Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42

**USC 2000e. et seq.)**

25.     The foregoing paragraphs 1- 23 are realleged and incorporated by reference herein.

26.     Defendants' unlawful actions were intentional, willful, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race.

27.     The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

28.     Civil Rights Act of 1964, 42 USC 2000e. et seq makes it unlawful for an employer to discriminate against an individual "based on race, color, religion, sex and national origin"

29.     Plaintiffs are informed and believe and thereon allege that Defendants' treated plaintiff differently than other employees who were similarly situated, and that the difference was based on a protected characteristic.

30.     As a direct, legal and proximate result of the discrimination, Plaintiffs have sustained, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

### COUNT TWO: UNFAIR PAY, DISPARATE TREATMENT

**(Racial Discrimination in Violation of Maryland Human Relations Law, MD Code, Art. 49B, §§ 1et seq. )**

31.     The foregoing paragraphs 1- 30 are realleged and incorporated by reference herein.

32.     Defendants' unlawful actions were intentional, willful, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race.

33.     The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

34.     Maryland Human Relations Law, MD Code, Art. 49B, §§ 1et seq.) makes it unlawful for an employer to discriminate with respect to employees compensation against an individual "based on race, color, religion, sex and national origin"

35.     In addition to any relief authorized by this title, liability may accrue and an aggrieved person may obtain relief as provided in § 20-1009 of this title, including recovery of back pay for up to 2 years preceding the filing of the complaint, where the unlawful employment practice that has occurred during the complaint filing period is similar or related to an unlawful employment practice with regard to discrimination in compensation that occurred outside the time for filing a complaint.

## COUNT THREE: UNFAIR PAY, DISPARATE TREATMENT

### Racial Discrimination in Violation of Montgomery County Human Relations Act, Montgomery Co. Code §§ 27-1 et seq.

36.     The foregoing paragraphs 1- 35 are realleged and incorporated by reference herein.

37.     Defendants' unlawful actions were intentional, willful, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on race.

38.     The Defendant's conduct as alleged at length herein constitutes discrimination based on race in violation of Montgomery County Human Relations Act, Montgomery Co. Code §§ 27-1 et seq. makes it unlawful for employer to discriminate "based on race, color, religion, sex and national origin"

39.     The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

40.     As a direct, legal and proximate result of the discrimination, Plaintiffs have

sustained, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiffs have suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

41.     The Plaintiff timely filed a complaint of discrimination with U.S. Equal Employment Opportunity Commission on August 4, 2017. See attached EEOC Charge form.

42.     The EEOC issued a right to sue letter on February 21, 2019. See attached EEOC Dismissal and Notice of Rights.

43.     The Plaintiff has performed all conditions precedent, if any, required for the filing and pursuit of a claim for judicial relief under Title VII and its related regulations.

## PRAYER FOR RELIEF

44.     The foregoing paragraphs 1 - 32  are realleged and incorporated by reference herein.

45.     The Plaintiff is entitled to relief under Title VII, state and county laws for her employer's unlawful discriminatory conduct, including but not limited to for the employer's disparate treatment.

**WHEREFORE**, the Plaintiff respectfully requests that the Court enter judgment in her favor and against the Defendant, containing the following relief:

a. For a money judgment representing compensatory damages, including lost wages, and all other sums of money, including retirement benefits and other employment benefits, together with interest thereon;

b. For a money judgment representing liquidated damages for the Defendants 'willful violations of Title VII, and any related statutes, regulations and rights;

   c.  For a money judgment representing prejudgment interest;

   d.  For costs of suit; and

   e.  For such other and further relief, including punitive damages, as may be just and
proper.

<h2 style="text-align:center">BENCH TRIAL DEMAND</h2>

46.    Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

<h2 style="text-align:center">CERTIFICATION AND CLOSING</h2>

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

knowledge, information, and belief that this complaint: (1) is not being presented for an improper

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or

reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further

investigation or discovery; and (4) the complaint otherwise complies with the requirements of

Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers
may be served. I understand that my failure to keep a current address on file with the Clerk's
Office may result in the dismissal of my case.Date of signing: June 5th , 2019. Signature of
Plaintiff _____
Printed Name of Plaintiff ___ Monique HARRis _____

Respectfully Submitted



Date: June 4th 2019          Plaintiff, pro se

[3506 Timber Green Drive, Frederick MD 21704]

