IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| MONIQUE HARRIS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: CBD-19-1668 |
| NORWOOD SCHOOL, *et al.* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Before the Court is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("Defendants' Motion"). ECF No. 13. The Court has reviewed Defendants' Motion, the opposition thereto, and Defendants' Reply.[1] No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md.). For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Defendants' Motion.

### I. Factual Background

The gist of Plaintiff's claims arise from her employment with Norwood School which began in July 2012. Compl., ECF No. 1. Plaintiff was hired as a Human Resources Payroll assistant. *Id.* at ¶ 13. Plaintiff alleges that after she informed Defendants Matthew Gould and William Teachum that she had received an internship offer, she was asked to post an advertisement for a position as Human Resources Manager. *Id.* at ¶ 15–16. According to Plaintiff, she was asked to post the advertisement despite telling Defendants that she was willing

---

[1] The Court has not considered Plaintiff's Surreply because Plaintiff failed to obtain leave of court prior to filing the pleading as required under Local Rule 105.2(a). ECF No. 26.

1

to "continue working in Human Resources . . ." *Id.* Plaintiff then alleges that following the posting of the advertisement, Defendants hired a Caucasian employee to serve as the Human Resources Manager "to perform the exact duties as those performed by [Plaintiff], but was compensated at [a] rate approximately 30% more than [Plaintiff]." *Id.* at ¶ 20. Plaintiff alleges she was:

> subjected to disparate treatment based on race (African-American/Black) when employer hired an employee (Caucasian) to perform the same and/or similar duties of her position for approximately $18,000.00 more in salary than it offered plaintiff when she was hired to perform the same and/or similar duties.

*Id.* at ¶ 2. Plaintiff further alleges that the new employee was less qualified for the position than Plaintiff because the new employee had minimal Human Resources experience and had returned "to the workforce after being a stay-at-home mom for 10+ years." *Id.* at ¶ 21–23.

After filing a claim with the United States Equal Employment Opportunity Commission ("EEOC"), the EEOC issued Plaintiff a right-to-sue letter dated February 21, 2019. ECF No. 1–1. On June 5, 2019, Plaintiff filed the Complaint to obtain relief from "employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. ('Title VII'), Maryland Human Relations Law, MD Code, Art. 49B, §§ 1 et seq.[2] And Montgomery County Human Relations Act, (Montgomery Co. Code §§ 27-1 et seq.)." *Id.* at ¶ 1.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Valencia v. Drezhlo*, No. RDB-12-237,

---

[2] Plaintiff cites the Maryland Code as MD. Code Ann., Art. 49B § 16. That statute was repealed in 2009 and reenacted as Md. Code Ann., State Gov't § 20-606. The Court uses the reenacted citation throughout the opinion.

2

2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."  *Id*. (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  In doing so, the Court must keep in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).  Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678–79.  *See Valencia*, 2012 WL 6562764, at *4 (discussing the standards of *Iqbal* and *Twombly*.).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  A court ruling on a motion to dismiss generally "must take all of the factual allegations in the complaint as true," however, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id.* (citing *Twombly*, 550 U.S. at 554); *See also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) ("[I]n evaluating a Rule 12(b)(6) motion to dismiss, a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint.").

"A court may dismiss a complaint on statute of limitations grounds if the time bar is apparent on the face of the complaint."  *Ott v. Maryland Department of Public Safety and Corr.*

*Servs.*, 909 F.3d 655, 658 (4th Cir. 2019) (citing *Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005)).

### III.　Analysis

**A. Plaintiff's claim under Title VII is not time barred because Plaintiff filed suit within 90 days after receipt of the EEOC's right-to-sue letter.**

Defendants aver that Plaintiff's claim of discrimination under Title VII is time barred because Plaintiff failed to file her Complaint within 90 days after the EEOC issued a right-to-sue letter. Defs.' Mem. in Supp. of Defs.' Mot. 3–5, ECF No. 13–1. Plaintiff contends her claims are not time barred because the envelope in which the right-to-sue letter was sent, was postmarked on March 5, 2019, which gives her 90 days from March 5, 2019 instead of the February 21, 2019 date listed on the right-to-sue letter. Pl.'s Suppl. to Resp. to Defs.' Mot., ECF No. 24.[3]

Under 42 U.S.C. § 2000e-5(f)(1), in order to bring a Title VII claim, a plaintiff must after obtaining a right-to-sue letter from the EEOC, file suit within ninety (90) days. 42 U.S.C. § 2000e-5(f)(1); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 (1984); *De Guzman v. NIH Federal Credit Union*, No. PJM 08-3213, 2009 WL 2228397, at *1 (D. Md. July 23, 2009). "Courts have interpreted [the 90-day] provision as a statute of limitations, and held that failure to file suit within ninety days after receipt of a notice from the EEOC renders a plaintiff's action untimely." *Fisher v. Maryland Dept. of Housing and Community Development*, 32 F. Supp. 2d 257, 264 (D. Md. 1998). The "ninety-day period begins to run on the date that a

---

[3] Defendants ask the Court to disregard Plaintiff's September 27, 2019 supplemental response since it was untimely filed after the Court's Order requiring Plaintiff to file an opposition to the motion to dismiss no later than September 20, 2019. Defs.' Reply in Supp. of Defs.' Mot. 2, ECF No. 25. Even if the Court were to disregard the substance of the supplemental response, the Court cannot ignore the exhibit of the envelope from the EEOC displaying the postmarked date because said envelope was also provided as an exhibit to the Complaint. *See* Compl., ECF No. 1–1.

claimant receives her or his right to sue notice." *Bowie v. University of Maryland Medical System*, No. ELH-14-3216, 2015 WL 1499465, at *7 (D. Md. March 31, 2015). A "[p]laintiff would receive the benefits of the three-day 'mailbox rule' of Federal Rule 6(d) if she could prove the date of postmark. . ." *See McCleary-Evans v. Maryland Dept. of the Environment*, No. JKB-12-2928, 2013 WL 1890734, at *1 (D. Md. May 3, 2013) (citing *Baldwin*, 466 U.S. at 148 n.1 (1984)); *See also Ragland v. Macy's, Inc.*, No JKB-11-3106, 2011 WL 6370365, at *1 (D. Md. Dec. 19, 2011) ("This date of postmark should govern the calculation of when the right-to-sue letter was actually placed in the mail."). Also guiding the Court is the language used in the EEOC right-to-sue letter:

> In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice. . .** Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. . . Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed to you*** (as indicated where the Notice is signed) or the date of the postmark, if later.

EEOC Dismissal and Notice of Rights, ECF No. 1–1 (emphasis in original).

At first glance, Plaintiff's suit appears to be untimely by fifteen (15) days. The EEOC's right-to-sue letter is dated February 21, 2019 and the Complaint was filed on June 5, 2019. *Id*; Compl., ECF No. 1. However, attached to the Complaint, Plaintiff included an envelope from the EEOC postmarked for March 5, 2019. ECF No. 1–1. Since Plaintiff provided proof of the date the letter was actually mailed, the three (3) day mailbox rule shall apply to the March 5, 2019 date. Hence, after applying the mailbox rule, Plaintiff received the right-to-sue letter on March 8, 2019. Ninety days from March 8, 2019 is June 5, 2019. Therefore, Plaintiff's claims

are not time barred, since her Complaint was filed on June 5, 2019, on the ninetieth day. Defendants' Motion as to Count One is denied.

### B. Plaintiff's discrimination claims under the Maryland Fair Employment Practices Act and the Montgomery County Code were not filed within two years, therefore are time barred.

Defendant avers that Plaintiff's claim under the Maryland Fair Employment Practices ("FEPA") and the Montgomery County Code are time barred because they were filed on June 5, 2019, over two years from the date the alleged discriminatory act occurred, April 25, 2017. Defs.' Mem. in Supp. of Defs.' Mot. 5–6, ECF No. 13–1. The Court agrees.

Under Md. Code Ann., State Gov't § 20-1013, a plaintiff may bring a civil action alleging an unlawful employment practice if the civil action "is filed within 2 years after the alleged unlawful employment practice occurred." Md. Code Ann., State Gov't § 20-1013; *A.C. v. Maryland Comm'n on Civil Rights*, 232 Md. App. 558, 570 (2017). The two-year limitation applies even if the claims are still subject to the administrative requirements of Title VII because the administrative exhaustion requirement "is in addition to the requirement that any civil actions be filed within two years of alleged unlawful employment practice occurred." *See McCray v. Maryland Dept. of Transp.*, No. ELH-11-3732, 2014 WL 4660793, at *15 (D. Md. Sept. 16, 2014), *aff'd*, 662 F. App'x 221 (4th Cir. 2016) (analyzing the three requirements to bring a civil suit alleging unlawful employment practice under Md. Code Ann., State Gov't § 20-1013(a)(1)–(3)); *See also Melendez v. Bd. of Educ. for Montgomery Cnty.*, No. DKC 14-3636, 2015 WL 3540947, at *10 (D. Md. June 3, 2015) (rejecting the plaintiff's argument that she did not file a complaint within the two year limitation because her charge was pending with the EEOC because "[p]laintiff provide[d] no explanation . . . for why she needed to wait for any EEOC action before pursuing her state law claims.").

The two-year limitation period also applies to Plaintiff's claims under the Montgomery County Code. *See* Md. Code Ann., State Gov't § 20-1202(c)(1)("An action . . . under subsection (b) of this section shall be commenced . . . within 2 years after the occurrence of the alleged discriminatory act."); *See Lewis v. MV Transp., Inc.*, No. 8:12-cv-00983-AW, 2012 WL 4518541, at *7 (D. Md. Sept. 28, 2012) (holding that because the plaintiff did not assert her discrimination claims under the Prince George's County Code until over two and a half years from the date on which the alleged discrimination occurred, the discrimination claim under the county code was time barred).

In this case, Plaintiff alleges that Defendants' hiring of the new employee on April 25, 2017 subjected Plaintiff to disparate treatment. Compl. ¶¶ 2, 20. Thus, April 25, 2017 is the date of the alleged discriminatory act. Plaintiff filed the Complaint on June 5, 2019, well over two years after the discriminatory act. Hence, Count II alleging discrimination under FEPA and Count III alleging discrimination under the Montgomery County Code are time barred, and therefore, dismissed.

**C. Defendants Matthew Gould and William Teachum cannot be held liable because under Title VII, only employers can be held liable, not individuals.**

Defendants contend that Defendants Gould and Teachum cannot be held liable because under Title VII only employers can be held liable for discrimination. Defs.' Mem. in Supp. of Defs.' Mot. 7. Defendants further contend that Defendants Gould and Teachum cannot be held liable under FEPA because Maryland courts have held that similar to Title VII, supervisors cannot be individually held liable.[4] *Id.* Plaintiff, in her opposition to Defendants' Motion and

---

[4] The Court has dismissed Plaintiff's claims arising under FEPA and the Montgomery County Code, *See Infra* Part III(B), therefore, the Court need not discuss this issue.

7

supplement to her opposition, fails to address this issue. *See generally* Pl.'s Resp. to Defs.' Mem., ECF No. 22; Pl.'s Suppl. to Resp. to Defs.' Mot., ECF No. 24.

The Fourth Circuit of the United States Court of Appeals has held that individual officers are not liable in their individual capacities for Title VII violations. *See generally Lissau v. Southern Food Serv., Inc.*, 159 F.3d 177, 180–81 (4th Cir. 1998) (citing *Birbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510 (4th Cir. 1994)). The 1991 amendments to Title VII "suggest that Congress only intended employers to be liable for Title VII violations." *Id*. at 181. "To permit individual liability would improperly expand the remedial scheme crafted by Congress." *Id.*

Defendant Gould is the "Head of the School at Norwood School" and Defendant Teachum is the "Business Manager at Norwood School." Compl. ¶ 11–12. Both are individuals who work for the Norwood School. As made clear by the Fourth Circuit, under Title VII, Defendants Gould and Teachum cannot be liable in their individual capacities. *Lissau*, 159 F.3d at 180–81. Hence, all of Plaintiff's claims against Defendants Gould and Teachum are dismissed.[5]

---

[5] Defendants also argue that the claims against Defendants Gould and Teachum should be dismissed because neither of the two were named in Plaintiff's Charge of Discrimination before the EEOC, and therefore, Plaintiff failed to exhaust administrative remedies with respect to claims against them. Defs.' Mem. in Supp. of Defs.' Mot. 7. However, this issue need not be analyzed by the Court since the claims against Defendants Gould and Teachum are dismissed for other reasons.

## IV. Conclusion

For the reasons set forth above, Defendants' Motion is GRANTED IN PART AND DENIED IN PART.

November 15, 2019

/s/
Charles B. Day
United States Magistrate Judge

CBD/hjd

9